IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA        )
                                )
          v.                    )
                                )        Criminal No. 7:21-CR-00001-EKD
PATRICIA MOSELEY                )

## SENTENCING MEMORANDUM

COMES NOW the United States of America, by counsel, having considered the sentencing factors set forth in 18 U.S.C. §3553(a), and recommends that PATRICIA MOSELEY (Moseley) be sentenced to a term of incarceration of 21 months for her violations of 18 U.S.C. § 1029(a)(2). The government also recommends 3 years of supervised release on each charge to run concurrently to each other. This recommended sentence is at the low end of Moseley's guideline range. In support of its recommendation, the United States says as follows:

## PROCEDURAL HISTORY

On February 8, 2021, the defendant entered a plea of guilty to Counts 1, 2 and 3 of the information charging her with unlawful use of an unauthorized device, in violation of 18 U.S.C. § 1029(a)(2).

## LEGAL STANDARD

In sentencing a defendant, district courts must follow a four-step process: (1) properly calculate the advisory sentencing guideline range; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C. § 3553(a) and, if it does not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate on the record the reasons for selecting a

particular sentence and, if applicable, explain why a sentence outside of the advisory

sentencing guideline range better serves the relevant sentencing purposes set forth in §

3553(a). *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *see also United States v.*

*Booker*, 543 U.S. 220, 260-65 (2005); 18 U.S.C. § 3553(a).

<u>APPLICABLE GUIDELINE RANGE</u>

The presentence report properly calculated the guidelines in this case as follows:

| Base offense level | USSG §2B1.1(a)(2) | +6 |
|---|---|---|
| The loss is more than $40,000 | USSG §2L1.1(b)(1)(D) | +6 |
| Acceptance of Responsibility | | 0 |
| Total Offense Level | | 12 |
| Guideline Range: | | 21-27 months |

Moseley's convictions result in a total of 7 criminal history points. Moseley was on a

period of supervised release when she committed the instant offense. Additionally, she was on an

indefinite unsupervised probation. The total criminal history score is 9 resulting in a criminal

history category of IV. A total offense level of 12 and a criminal history category of IV results in

a guideline range of 21 to 27 months.

<u>APPLICAITION OF § 3553(a) FACTORS</u>

In consideration of the factors set forth in 18 U.S.C. § 3553(a), the government

recommends the court impose a sentence of 21 months, followed by 3 years of supervised

release on each charge to run concurrently.

*Nature and circumstances of the offense*

On July 6, 2016, Moseley obtained $2,737.78 in merchandise from Best Buy, 4707 Valley View Boulevard. NW, Roanoke, Virginia, by presentencing a Citibank Mastercard in the name of CS, card number 5121079780481013.

On July 6, 2016, Moseley obtained $1,368.89 in merchandise from Best Buy, 4707 Valley View Boulevard. NW, Roanoke, Virginia, by presentencing a Citibank Mastercard in the name of RC, card number 5121072261171153.

On June 30, 2016, Moseley obtained $1,368.89 in merchandise from Best Buy, 4707 Valley View Boulevard. NW, Roanoke, Virginia, by presentencing a Citibank Mastercard in the name of PJ card number 5121071937055196.

Moseley never talked with the individuals CS, RC or PJ who opened the credit card accounts and did not ask permission to use their cards. In addition, Moseley did not know any of the individuals.

*History and characteristics of the defendant*

Moseley's criminal history show convictions for the following:  bad checks (5 counts) (07/19/1988), bad check (7 counts) (02/11/1988), bad check (10 counts) (11/18/1987), revocation (04/19/1988),  forgery, uttering (08/23/1990), obtain merchandise under false pretenses (2 counts) (03/23/1993), bad check (04/25/1995), bad check (04/25/1995), bad check (13 counts) (10/07/1994), bad checks (5 counts) (09/08/1994), bad check (04/25/1995), bad check (8 counts) (09/28/1994), bad checks (6 counts) (09/28/1994), bad check (12/27/1994), bad check (04/25/1995), bad check (7 counts) (06/04/1995), obtain money under false pretense (05/22/1995), supervised probation violation (07/31/2013), obtain money under false pretenses

with intent to defraud (3 counts) (05/22/1995), supervised probation violation (07/31/2013), worthless check (04/11/1995), and bank fraud (07/13/2013).

On July 13, 2013, Moseley was convicted of bank fraud in the U.S. District Court for the Western District of Virginia in docket number 7:13CR00020-001. In 2013, Moseley's total offense level was 7 and criminal history was a category VI resulting in a guideline range of 15 months to 21 months. Moseley was sentenced to 21 months incarceration and 5 years supervised release. As a result, Moseley was on supervised release when the current offenses occurred. On February 24, 2020, supervised release terminated.

On February 13, 2021, Moseley was arrested by Rockbridge County Sheriff's Office and charged with approximately 48 counts of various fraud related charges. The majority are alleged to have been committed between June 15, 2020, and December 31, 2020. However, the offense date of at least 6 charges is alleged to have been committed between January 1, 2021, and January 31, 2021, which falls within the defendant's placement on bond on January 6, 2021. Currently these charges are pending only.

<u>Additional Consideration</u>

Pursuant to the plea agreement the government has agreed to recommend a sentence at the low end of the guideline range.  The governments recommendation took into consideration the date of the offenses, the case transfer from several Assistant United States Attorneys, several public defenders, and multiple agents (several who are no longer in the Western District of Virginia). If it was not for the reasons above the government would have recommended a sentence at the high end of the guideline range.

The government also considered her physical and mental abusive relationship, and her medical condition.

<u>CONCLUSION</u>

WHEREFORE and taking the 18 U.S.C. § 3553(a) factors into account, the United States recommends Moseley be sentenced to a term of 21 months followed by 3 years of supervised release on each charge to run concurrently to each other. Such a sentence is sufficient to provide just punishment for her actions, encourage respect for the law, deter, reflect the seriousness of her crimes, and protect our community from further offenses on her part.

Respectfully submitted,

DANIEL P. BUBAR
Acting United States Attorney

/s/ Charlene R. Day
Charlene R. Day
Assistant United States
Attorney VSB No. 42707
310 First Street, S.W., Suite 906
Roanoke, VA   24011
Tel.: (540) 857-2250
Fax: (540) 857-2614

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 26th day of May 2021, filed this Sentencing Memorandum with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ Charlene R. Day
Assistant United States Attorney