IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 7:21-cr-00001 |
| | : | |
| v. | : | (District Judge Dillon) |
| | : | |
| PATRICIA MOSELEY | : | Electronically filed |
| Defendant. | | |

# PATRICIA MOSELEY'S AMENDED SENTENCING MEMORANDUM

## I. Introduction

Patricia Moseley's life has been shaped and defined by several abusive relationships. Starting with her parents, both of whom were alcoholics, they raised Ms. Mosely under difficult circumstances. When she was only three or five years-old, her father abandoned the family only for her mother to remarry another alcoholic a few years later. Throughout her childhood, Ms. Mosely's mother would verbally, and sometimes physically, abuse her, causing Ms. Mosely to question her self-worth and straining her ability to develop healthy relationships with others.

Even still, Ms. Moseley never had an incident with the law, or with her employment, until she married her second husband in 1980—a man who would mentally and physically abuse her for the next fourteen years. Throughout this marriage, she faced subhuman conditions. Her husband raped her, physically abused her, and controlled every facet of her life—down to the number of pairs of underwear, only two, that she could own. At one point, while Ms. Moseley was pregnant, her husband physically beat her so badly that she had a miscarriage and

1

the sustained injury required her to undergo a hysterectomy. This mistreatment affected her physical and mental health.

Ms. Moseley started to engage in criminal behavior to avoid further harm from her husband. Despite providing her with no means of doing so, her husband would abuse her if he came home and no meal was prepared; so, she wrote bad checks to buy food and avoid beatings. It was also during her second marriage that she attempted suicide and showed signs of growing mental health struggles. Ms. Moseley and her second husband finally divorced in 1994, but the effects and strain of her abusive marriage still follow her. The combination of her extensive childhood and marital abuses caused her to develop chronic, complex trauma and exhibit symptoms of post-traumatic stress disorder and borderline personality disorder.

Ms. Moseley longed for a healthy and loving relationship, something that had been absent throughout most of her life, when she married her third husband in 2004. Unfortunately, after only six months, her husband's severe onset health ailments put further strain on their relationship. Her role in the marriage transformed from caring partner to full-time care-giver until he passed away in 2015.

For "Kenneth Hemmerly,"[1] Ms. Moseley's circumstances made her the perfect target for a romance scam—which led to her present situation. She was desperate to find a loving relationship, so she exercised poor judgment and followed the

---

[1] The true identity of "Kenneth Hemmerly" is unknown.

demands of her scammer. But when the reality crashed down on her virtual relationship, Ms. Moseley was quick to cooperate and accepted responsibility.

## II. Sentencing Request

Ms. Moseley pled to three counts of knowingly using an unauthorized access device in violation of 18 U.S.C. § 1029. In the agreement, the maximum penalty for these offenses is a fine of up to $250,000 and imprisonment up to ten years, plus a term of supervised release of up to three years. The revised Presentence Report (PSR) shows a guideline range of 30 to 37 months, using a total offense level of 12 and applying a Criminal History Category of IV. However, the PSR does not subtract two levels for accepting responsibility because of pending state charges. Ms. Moseley asks the court to reduce the total offense level to 10 because Ms. Moseley has accepted responsibility and is asserting her innocence in the state case.

And Ms. Moseley seeks a decrease of 2 levels for her role as a minor participant, under USSG §3B1.2, bringing her OL to 8 and a guideline range of 18-24. Ms. Moseley requests a downward variance of 2 levels to OL 6, bringing her guideline range to 12 to 18 months. Such a guideline range would allow for partial home or community confinement along with partial imprisonment while holding her responsible for her actions. Further, such a sentence would allow her to participate in her defense in the state proceedings. The sentence requested would be "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forthin 18 U.S.C. § 3553(a)(2).

### III. 18 U.S.C. § 3553(A) Factors

*United States v. Gall*, requires the court to consider the factors within 18 U.S.C. § 3553(a) in imposing sentence. 552 U.S. 38, 49-50 (2007). And while the sentencing guidelines are no long mandatory, and are only "advisory," a sentencing court must still give "meaningful consideration" to the factors in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 329-330 (3rd Cir. 2006). Section 3553(a) requires the court to consider several factors when imposing a sentence so the sentence is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

### *A. Nature of the Offense*

Kenneth Hermmerly took advantage of Ms. Mosely, who was in a state of vulnerability given her past traumas, during a romance scam. After developing a relationship with Ms. Moseley, which included calling her his wife, Mr. Hemmerly insisted she purchase, and ship to him, laptops with the credit cards he provided her. He showered her with praise and attention so she eventually complied with his wishes. See the text messages exchanged between the two below.

| | | | | | |
|---|---|---|---|---|---|
| 389 | Inbox | From ▬▬▬ | 7/7/2016 5:29:25 PM(UTC-4) | Read | You in bank now love ? Source Extraction: Logical |
| 390 | Sent | To (971) 236-6730 | 7/7/2016 5:29:24 PM(UTC-4) | Sent | Babe ill have to go up to the walmart to the bank there these banks closed Source Extraction: Logical |
| 391 | Inbox | From ▬▬▬ | 7/7/2016 5:29:05 PM(UTC-4) | Read | What are you doing now Source Extraction: Logical |
| 392 | Inbox | From 411 | 7/7/2016 5:25:15 PM(UTC-4) | Read | SprintFreeMsg WILLIAMSON ROAD PAWN SHOP 5405638011 5130 WILLIAMSON RD NW ROANOKE, VA Source Extraction: Logical |
| 393 | Sent | To ▬▬▬ | 7/7/2016 5:22:28 PM(UTC-4) | Sent | I will thank you Source Extraction: Logical |
| 394 | Inbox | From ▬▬▬ | 7/7/2016 5:21:35 PM(UTC-4) | Read | ▬▬▬ Source Extraction: Logical |
| 395 | Sent | To (971) 236-6730 | 7/7/2016 5:21:01 PM(UTC-4) | Sent | Ok Source Extraction: Logical |
| 396 | Inbox | From 9712366730 | 7/7/2016 5:20:55 PM(UTC-4) | Read | Are you going now babe because I want you to get there before bank closed babe. Source Extraction: Logical |
| 397 | Inbox | From ▬▬▬ | 7/7/2016 5:20:41 PM(UTC-4) | Read | ▬▬▬ Source Extraction: Logical |
| 398 | Sent | To ▬▬▬ | 7/7/2016 5:20:35 PM(UTC-4) | Sent | ▬▬▬ Source Extraction: Logical |
| 399 | Inbox | From 9712366730 | 7/7/2016 5:20:15 PM(UTC-4) | Read | Don't do anything with the card until I text you what to do with it my wife Source Extraction: Logical |

And ultimately, although she complied with his requests, Ms. Moseley played a minor role in the fraudulent behavior organized and perpetuated by a scam artist. Ms. Moseley qualifies for a lower offense level as a minor participant per § 3B1.2 of Guidelines and should be subject to a two-level decrease in her offense level. Under Fourth Circuit precedent, "mitigating role adjustments apply only when there has been group conduct and a particular defendant is less culpable than other members of the group to such a degree that a distinction should be made at sentencing between him and the other participants." *United States v. Gordon*, 895 F.2d 932, 935 (4th Cir.1990). Whether the "adjustment is warranted 'is to be determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction.'" *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001) (citing *United*

5

*States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991). The inquiry is not just a comparison between the defendant and the other actors in the criminal conduct, but "whether the defendant's conduct is material or essential to committing the offense" *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991)(case overturned by SCOTUS, but not in relevant part).

The commentary in the sentencing guidelines lists factors to consider when determining whether a defendant was a minor participant, and if the conduct is material to the criminal offense, many of which support Ms. Moseley's minor status. USSG § 3B1.2 cmt. n.3(C). For example, the commentary suggests the court considers how much the defendant (1) "understood the scope and structure of the criminal activity," (2) "participated in planning or organizing the criminal activity," (3) "exercised decision-making authority," and (4) "participat[ed] in the commission of the criminal activity." USSG § 3B1.2 cmt. n.3(C)(i, ii, iii, iv).

Because she did not plan or have an organizing role, exerted no decision-making authority, and played a small part in the criminal actions, the court should consider her only a minor participant. She questioned the legitimacy of the credit cards shipped to her. Mr. Hemmerly assured her the credit cards were those of his employees and that she could make purchases on their behalf. However, she suspected he fraudulently obtained the cards and that she was purchasing laptops without the consent of the individuals named on the card. But she wanted to give him the benefit of the doubt.

Second, Ms. Mosely followed Hemmerly's directions when she bought laptops with the provided credit cards, and she did not participate in its organization. Ms. Mosely was not involved in luring new victims into the scam, fraudulently obtaining credit cards, or shipping said cards. She did what she was told: purchased laptops and sent money and products back to Mr. Hemmerly.

Finally, Ms. Mosely's involvement in the criminal activity was limited to purchasing goods with the provided credit cards—she was not involved in the broader aspects of the scam. Given the breadth of the fraud perpetuated by Kenneth Hemmerly, Ms. Moseley's involvement was minor. These three factors warrant Ms. Mosely being considered a minor participant, which should decrease her offense level by two.

*B. Patricia Mosely's History and Characteristics*

Ms. Mosely's complex trauma has driven her to commit mistakes in her past; but, more important, she has recognized just how damaging her past experiences have been, expressed interest and a need for treatment, and has taken steps in the right direction. From the initial bad checks to the present romance scam involvement, her offenses have always related to her past abuse. Ms. Mosely has expressed a need to seek help for her past abuses and plans to participate in treatment at Blue Ridge Behavioral Healthcare.[2] In seeking treatment for her

---

[2] She had trouble attending sessions because of her work schedule. While she tried to participate in Blue Ridge Behavioral Healthcare's services, each prompting to complete the program's orientation occurred when she was at work.

mental health situation, Ms. Mosely will be combatting the root cause of her criminal activity and diminishing the likelihood she may reoffend.

## C. The Need for the Sentence Imposed

First, Ms. Mosely wants treatment from Blue Ridge Behavioral Healthcare. She is likely to obtain better, and more individualized care, at that institution rather than the limited services she could access while incarcerated for a long period. With treatment being the upmost concern for her, this factor weighs against extended incarceration.

Ms. Moseley is sixty-two years of age, non-violent and unlikely to reoffend. And with the dangers of the COVID-19 pandemic still lurking, courts have been hesitant to keep older defendants in prison. *See United States v. Evans*, 2020 WL 7074141 Case No. 3:00cr63, *8 (E.D. Va. Dec. 2, 2020).

Last, understanding the dangers and harm of her offense once confronted, Ms. Mosely quickly accepted responsibility for her actions and cooperated with law enforcement. Since being charged, she has sought treatment, gained employment, and continued on the path to bettering herself.

## Conclusion

For all these reasons, Ms. Moseley respectfully requests this court consider her past abuses and trauma, minor role in the criminal activity, acceptance of responsibility, and grant her request for a downward variance under the factors of 18 U.S.C. § 3553(a). What Patricia Ms. Moseley needs is care and healthy relationships, not extensive imprisonment.

Respectfully submitted,

*/s/ Monica D. Cliatt*
Monica D. Cliatt
1st Assistant Federal Public Defender
PA. No. 84848
210 1st Street, SW, Suite 400
Roanoke, VA 24011
Tel: 540-777-0880
Fax: 540-777-0890
Email: monica_cliatt@fd.org

## CERTIFICATE OF SERVICE

I certify that a true copy of the Ms. Moseley's Sentencing Memorandum was electronically filed and will be forwarded to the Office of the United States Attorney this 17th day of August, 2021.

/s/*Monica D. Cliatt*

Monica D. Cliatt, Esq.