IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>             )     Criminal No. 7:21-CR-00001-EKD<br>PATRICIA MOSELEY | |

GOVERNMENT'S AMENDED SENTENCING
MEMORANDUM

COMES NOW the United States of America, by counsel, having considered the sentencing factors set forth in 18 U.S.C. §3553(a), and recommends that PATRICIA MOSELEY (Moseley) be sentenced to a term of incarceration of 30 months for her violations of 18 U.S.C. § 1029(a)(2). The government also recommends 3 years of supervised release on each charge to run concurrently to each other. This recommended sentence is at the low end of Moseley's guideline range. In support of its recommendation, the United States says as follows:

PROCEDURAL HISTORY

On February 8, 2021, the defendant entered a plea of guilty to Counts 1, 2 and 3 of the information charging her with unlawful use of an unauthorized device, in violation of 18 U.S.C. § 1029(a)(2). On May 13, 2021, a presentence investigation report was filed. On May 26, 2021, a sentencing memorandum was filed by the Government. On July 28, 2021, defense counsel filed a sentencing memorandum. On July 17, 2021, a revised final presentence investigation report was filed by probation. The guidelines changed in the revised presentence report from the original presentence report. As a result, the government and defense requested a continuance for time to file amended sentencing memorandum.

LEGAL STANDARD

In sentencing a defendant, district courts must follow a four-step process: (1) properly calculate the advisory sentencing guideline range; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C. § 3553(a) and, if it does not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate on the record the reasons for selecting a particular sentence and, if applicable, explain why a sentence outside of the advisory sentencing guideline range better serves the relevant sentencing purposes set forth in § 3553(a). *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 260-65 (2005); 18 U.S.C. § 3553(a).

## APPLICABLE GUIDELINE RANGE

The presentence report properly calculated the guidelines in this case as follows:

| Base offense level | USSG §2B1.1(a)(2) | +6 |
| --- | --- | --- |
| The loss is more than $40,000 | USSG §2L1.1(b)(1)(D) | +6 |
| Acceptance of Responsibility | | 0 |
| Total Offense Level | | 12 |
| Guideline Range: | | 30-37 months |

Moseley's criminal convictions resulted in a subtotal criminal history score of 15. Moseley was on a period of supervised release when she committed the instant offense. Therefore, two points were added. The total criminal history score was 17 establishing a criminal history Category of VI. A total offense level of 12 and a criminal history category of VI results in a guideline range of 30 to 37 months.

## APPLICAITON OF § 3553(a) FACTORS

In consideration of the factors set forth in 18 U.S.C. § 3553(a), the government recommends the court impose a sentence of 30 months, followed by 3 years of supervised release on each charge to run concurrently.

*Nature and circumstances of the offense*

On July 6, 2016, Moseley obtained $2,737.78 in merchandise from Best Buy, 4707 Valley View Boulevard. NW, Roanoke, Virginia, by presentencing a Citibank Mastercard in the name of CS, card number 5121079780481013.

On July 6, 2016, Moseley obtained $1,368.89 in merchandise from Best Buy, 4707 Valley View Boulevard. NW, Roanoke, Virginia, by presentencing a Citibank Mastercard in the name of RC, card number 5121072261171153.

On June 30, 2016, Moseley obtained $1,368.89 in merchandise from Best Buy, 4707 Valley View Boulevard. NW, Roanoke, Virginia, by presentencing a Citibank Mastercard in the name of PJ card number 5121071937055196.

Moseley never talked with the individuals CS, RC or PJ who opened the credit card accounts and did not ask permission to use their cards. In addition, Moseley did not know any of the individuals.

*History and characteristics of the defendant*

Moseley's criminal history show convictions for the following:  bad check-misdemeanor/7 counts (02/11/1998), bad check-misdemeanor/10 counts (11/18/1987), probation revocation (04/19/1988), bad check-misdemeanor/5 counts (07/19/1998), forgery/uttering (08/23/1990), obtain merchandise under false pretenses/2 counts (03/23/1993), bad check (04/25/1995), bad check (04/25/1995), bad check (04/25/1995), bad check-Felony/7 counts (01/07/1994), bad check – misdemeanor/6 counts (10/07/1994), bad check (09/28/1994), bad

check – misdemeanor (04/25/1995), bad check (09/28/1994), bad check – 3 counts (09/28/1994), bad check – 8 counts (09/28/1994), bad check – 6 counts (09/28/1994), bad check -Felony (12/27/1994), bad check -7 counts (06/14/1995), obtain money by false pretense with intent to defraud (05/22/1995), obtain money under false pretenses with intent to defraud – 3 counts (05/22/1995), probation revoked (07/13/2015), worthless check (04/11/1995), and bank fraud (07/13/2013).

On July 13, 2013, Moseley was convicted of bank fraud in the U.S. District Court for the Western District of Virginia in docket number 7:13CR00020-001. In 2013, Moseley's total offense level was 7 and criminal history was a category VI resulting in a guideline range of 15 months to 21 months. Moseley was sentenced to 21 months incarceration and 5 years supervised release. As a result, Moseley was on supervised release when the current offenses occurred. On February 24, 2020, supervised release terminated.

On February 13, 2021, Moseley was arrested by Rockbridge County Sheriff's Office and charged with approximately 48 counts of various fraud related charges. The majority are alleged to have been committed between June 15, 2020, and December 31, 2020. However, the offense date of at least 6 charges is alleged to have been committed between January 1, 2021, and January 31, 2021, which falls within the defendant's placement on bond on January 6, 2021. Currently these charges are pending only.

### *Governments Objection to Defendant's Sentencing Request*

Moseley makes two arguments for a sentence reduction (1) based on a two-level reduction for acceptance of responsibility and (2) a downward adjustment or downward variance for a role as minor participant. These two reductions would result in a guideline range of 12 to 18

months versus the current 30–37-month guideline range. The government believes Moseley should not receive a two-level reduction for acceptance of responsibility.

*Moseley should not receive acceptance of responsibility credit*

Moseley has asked the court to subtract two levels for accepting responsibility because she has accepted responsibility and is asserting her innocence in the pending state case. Moseley should not receive acceptance because six of the pending state charges occurred while on bond for the current charges. On February 23, 2021, Moseley was arrested by Rockbridge County Sheriff's Office and charged with approximately 48 counts of various charges. Many charges are alleged to have been committed between June 2020 and December 2020. However, the offense date for at least six of the charges is alleged to have been committed between January 1, 2021 and January 31, 2021, which falls within Moseley's placement on bond on January 6, 2021. As a result of these six charges with offense dates are the basis for the government's objection to a two-level reduction in guidelines for Moseley.

Additional Consideration

Pursuant to the plea agreement the government has agreed to recommend a sentence at the low end of the guideline range. The governments recommendation took into consideration the date of the offenses, the case transfer from several Assistant United States Attorneys, several public defenders, and multiple agents (several who are no longer in the Western District of Virginia). If it was not for the reasons above the government would have recommended a sentence at the high end of the guideline range.

The government also considered her physical and mental abusive relationship, and her medical condition.

## CONCLUSION

WHEREFORE and taking the 18 U.S.C. § 3553(a) factors into account, the United States recommends Moseley be sentenced to a term of 30 months followed by 3 years of supervised release on each charge to run concurrently to each other. Such a sentence is sufficient to provide just punishment for her actions, encourage respect for the law, deter, reflect the seriousness of her crimes, and protect our community from further offenses on her part.

Respectfully submitted,

DANIEL P. BUBAR
Acting United States Attorney

/s/ Charlene R. Day
Charlene R. Day
Assistant United States
Attorney VSB No. 42707
310 First Street, S.W., Suite 906
Roanoke, VA   24011
Tel.: (540) 857-2250
Fax: (540) 857-2614

## CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of August 2021, filed this Amended Sentencing Memorandum with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Charlene R. Day
Assistant United States Attorney